Filed 11/30/23  P. v. Rollen CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086130 |
| Plaintiff and Respondent, | |
| | (Super. Ct. No. DF017053B) |
| v. | |
| VAN KEYSHONE ROLLEN, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David E. Wolf and William D. Palmer, Judges.[‡]

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Smith, Acting P. J., Meehan, J. and Snauffer, J.

[‡] Judge Wolf presided at the change of plea hearing and signed the certificate of probable cause; Judge Palmer, a retired Kern County judge sitting on assignment, imposed sentence.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a no contest plea and admission of a strike, and is authorized by Penal Code section 1237.5.[1]

## STATEMENT OF THE CASE

On October 27, 2022, a Kern County complaint charged Rollen with assault while an inmate likely to cause great bodily injury (§ 4501, subd. (b); count 1), with an enhancement for personal infliction of great bodily injury (§ 12022.7, subd. (a)). In addition, the complaint made eight additional allegations as to prior strikes and prior serious felony convictions: (1) a prior strike (§ 667, 1170.12) and (2) a prior serious felony (§ 667, subd. (a)) arising from a January 1996 Los Angeles County robbery conviction (§ 211); (3) a prior strike (§ 667, 1170.12) and (4) a prior serious felony (§ 667, subd. (a)) arising from a May 2000 San Bernardino County robbery conviction (§ 211); (5) a prior strike (§ 667, 1170.12) and (6) a prior serious felony (§ 667, subd. (a)) arising from a June 2013 Riverside County conviction for dissuading a witness (§ 136.1, subd. (b)(1)); and (7) a prior strike (§ 667, 1170.12) and (8) a prior serious felony (§ 667, subd. (a)) arising from a February 2011 Riverside County criminal threats conviction (§ 422).

On January 20, 2023,[2] the parties agreed that Rollen would plead to count one and admit the strikes for a total sentence of four years fully consecutive to the term he is currently serving for his June 2013 dissuading a witness conviction. After being advised of and waiving his constitutional rights, Rollen pleaded no contest to count 1 and admitted the strikes. The parties stipulated to a factual basis for the plea. The trial court then dismissed the remaining charges and allegations.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Subsequent references to dates are to dates in 2023.

On February 17, the trial court sentenced appellant to two years for count 1, doubled for the strike, for a total of four years. The trial court ordered Rollen to pay a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), suspended, a $40 court security fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373). Rollen asserted an inability to pay the fines and fees. On March 9, following a hearing on the matter, the trial court determined Rollen had the ability to pay.

On April 10, Rollen filed a timely notice of appeal and a request for certificate of probable cause. The trial court granted a certificate of probable cause the same day.

### STATEMENT OF FACTS[3]

On April 12, 2022, while incarcerated at the California Correctional Institution, Rollen and another inmate, Primes Harrell, assaulted F.S., inflicting great bodily injury.

### APPELLATE COURT REVIEW

Rollen's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Rollen was advised he could file his own brief with this court. By letter on October 3, 2023, we invited Rollen to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Rollen.

### DISPOSITION

The judgment is affirmed.

---

[3] The facts of the offense do not appear in the record. These very abbreviated facts are drawn from the complaint's allegations.